CARROLL, DONALD, Judge.
The plaintiff in an automobile negligence case has appealed from a final summary judgment entered for the defendant by the Circuit Court for Duval County.
The ultimate question presented for our determination in this appeal is whether the plaintiff is legally barred from bringing the present action.
In his complaint, Marvin F. Thompson, the plaintiff, alleges that on a certain date the defendant, M. J. Haynes, “owned a motor vehicle being operated by Delores Haynes,” near a certain intersection in the said county; that she negligently operated or maintained the motor vehicle so that it collided with Thompson’s vehicle, resulting in series injuries to him as well as damages to his vehicle.
To this complaint M. J. Haynes filed his answer, denying the alleged negligence and damages, and incorporating a motion to dismiss, alleging that Thompson had already elected a remedy “in that he sued the operator and owner of the motor vehicle, Deloris Haynes, and recovered a judgment thereon * * Copies of the complaint and judgment in this previous action are attached to the said answer and motion. In the latter complaint Thompson alleges that Deloris Haynes owned and negligently operated the said motor vehicle at the time and place involved in the present action into Thompson’s automobile, causing the said injuries and damages. The said judgment, based upon a jury verdict, awarded to Thompson damages in the sum of $89,750. There is no dispute in this record and none in the briefs as to the fact of the previous action and the judgment therein. This judgment was partially satisfied by the liability insurer in the amount of $25,747.38, the limits of the insurance policy.
Haynes also filed in the present action a second amendment to his answer, stating that, prior to the institution of the present action, Thompson and Haynes had executed an agreement in which Thompson agreed never to execute any judgment against Haynes received or to be received on account of the injuries received in the said collision, in return for the assignment by Haynes to Thompson of his right to sue his liability insurance carrier for bad faith in failing to settle Thompson’s claim within the policy limits. We observe, without holding, that this agreement was probably an effort to “gang up” on the insurer. We need not, and do not, here pass upon the question of the validity and legal effect of the said agreement, .in view of our holding below that Thompson was barred from bringing the present action.
It is a difficult juridical problem to determine whether Thompson was precluded from filing the present action by applying the doctrine of res judicata or the doctrine of estoppel by judgment.
Both parties in their appellate briefs agree that the following from 19 Fla.Jur., Judgments and Decrees, Sect. 100, is a correct general statement of the law in Florida:
“The law with respect to the doctrine of res judicata is well settled. The legal precept comprehended in the phrase ‘res judicata’ may be briefly defined as the doctrine that an existing final judgment or decree rendered on the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of the rights, questions, and facts in issue, as to the parties and their privies, in any other action in the same or in another court. The judgment or decree puts at rest and entombs all justiciable issues.” (Emphasis supplied)
In the light of the foregoing distinction, we are inclined to the view that Thompson is precluded from maintaining his present action under the doctrine of res judicata. While the parties defendant in the present and previous actions are not identical, the plaintiff is the same in each action. While M. J. Haynes is sued in the present action *71 and Deloris Haynes in the previous, they no doubt are “privies” within the rule quoted above from Florida Jurisprudence. It is undisputed in the record that, at the time of the collision, they were husband and wife, co-owners of the motor vehicle which she was driving, and co-insureds under the same automobile liability insurance policy.
Our views as set forth herein are not, we think, in any way incompatible with the views which we expressed in our recent decision of Gerardi v. Carlisle, 232 So.2d 36 (Fla.App.1970), in which we held that the doctrines of res judicata and estoppel by judgment do not operate to bar a plaintiff, who has recovered a judgment against one tort-feasor from relitigating all issues in a subsequent action against a joint tort-fea-sor. We recognize that rule as applied to the facts in the Gerardi case, in which a plaintiff first filed an automobile negligence action against the operator of the other vehicle and recovered a judgment against that operator, and later filed an action against the owner of the other vehicle.
In the case at bar Deloris Haynes, the defendant in the first action, was sued not only as the operator of the vehicle but also as a joint owner. M. J. Haynes, the defendant in the second action, was sued in his capacity as a joint owner of the offending vehicle. It is therefore established that the defendants in each action were sued in the same right as co-owners of the vehicle. This being so, the defendant in the second action was in privity with the defendant in the first action, and the judgment rendered in the first action against the co-owner joint tort-feasor was res ju-dicata as to the action sought to be brought against the co-owner joint tort-feasor in the second action. Acceptance of payment by the plaintiff from the defendant in the first action operated to discharge the defendant in the second action from further; liability.
This case is distinguished from our decision rendered in Gerardi v. Carlisle, supra, as there the joint tort-feasors named as defendants in the two separate actions were not being sued in the same right, one having been sued as the operator of the vehicle and the other as the owner thereof. We held in that case that, although they were joint tort-feasors under the doctrine of respondeat superior, they were not in privity with each other to the extent that action against one operated as a bar against the other under the doctrine of res judicata. The same situation does not exist in the case at bar.
Our concept of privity in this case comports, we think, with the views prevailing in other jurisdictions. Those views are summarized in 46 Am.Jur.2d, Judgments, Sec. 532, pages 683 and 684, as follows:
“There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata. Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right. It has been declared that privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and that the rule is to be construed strictly to mean parties claiming under the same title. Under this rule, privity denotes mutual or successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment * * * ”
This generally prevailing rule is thus stated in 50 C.J.S. Judgments § 787, pages 322 to 324:
“Privies
“A judgment is conclusive and binding on persons who are in privity with the *72 parties to the action with respect to the subj ect matter of the litigation.
“A judgment is conclusive and binding, not only on the parties to the action in which it was rendered, but also on persons who are in privity with them with respect to the subject matter of the litigation, and this rule is applicable to both actions at law and suits in equity. Conversely, one who is not a party to a suit ordinarily is bound thereby only if he is shown to be in privity with a party. It is not material that the privity of one against whom an adjudication is urged does not appear of record in the previous suit. Those in privity with a party to the former litigation are bound because of derivative rights of property, because they have succeeded to some interest in the property subsequent to the commencement of the action, or because of a contractual relationship, and the extent of the estoppel is limited to controversies affecting the interest or estate as to which the privity exists.”
If any additional acts of estoppel were needed in the case at bar, one could find an estoppel by pleading, resulting from the fact that in the previous action Thompson alleged in his complaint that Deloris Haynes “owned” the motor vehicle she was driving, while in the present action Thompson alleges in his complaint that M. J. Haynes “owned” the said vehicle. Although this would seem to be a small matter if it stood alone, it no doubt adds a little weight to our above conclusion that the present action is barred.
We hold that, under the foregoing circumstances, the defendant was entitled to a summary judgment as a matter of law, so that judgment must be and it is
Affirmed.
WIGGINTON, C. J., concurs.
SPECTOR, J., dissents.